IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-110-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KENNETH WAID, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's post-trial motion for judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure (DE # 109). The government has timely responded, and the issues raised now are ripe for adjudication. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

On August 28, 2009, a federal grand jury sitting in the Eastern District of North Carolina returned a two-count indictment charging defendant with (1) conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, and (2) possession of a firearm in furtherance of a drug trafficking crime. On April 2, 2010, defendant entered a plea of not guilty to both counts of the indictment.

On April 28, 2010, a jury trial was held in Greenville, North Carolina. That proceeding ended in a mistrial due to juror misconduct. A second trial commenced on September 27, 2010. Defendant moved for a judgment of acquittal pursuant to Rule 29(a) at the close of the government's evidence and at the close of all the evidence. The court denied those motions.

At the government's request, and over the objection of defendant, the court instructed the jury on a lesser-included offense with respect to count one of the indictment. Specifically, the court instructed the jury as to conspiracy to distribute and to possess with the intent to distribute five hundred (500) grams or more of cocaine, and included this offense in the verdict form submitted to the jury. After a lengthy deliberation, the jury acquitted defendant of the conspiracy to possess five kilograms or more of cocaine as alleged in the indictment, but convicted defendant of the lesser-included conspiracy offense involving only five hundred (500) grams of cocaine. The jury also acquitted defendant of the firearm offense.

On September 29, 2010, after the jury returned its guilty verdict as to the lesser-included conspiracy offense, defendant forecast this post-trial motion for judgment of acquittal pursuant to Rule 29(c). On October 13, 2010, defendant timely filed the instant motion. The government responded in opposition on October 14, 2010, amending its response on October 15, 2010.

### EVIDENCE PRODUCED AT TRIAL

James Nobel and Jesse Garner, agents with the United States Coast Guard Investigative Service ("CGIS") testified that in an interview on February 27, 2007, defendant confessed to having sold approximate five kilograms of cocaine between February 2006 through May 2006. According to the agents' testimony, defendant admitted to selling an average of three ounces every other day during that time period. The agents also testified that during the interview, defendant admitted to threatening one of his customers with a firearm in an effort to collect a drug debt. The agents also stated that defendant named Kelvin Maye and Anthony Davis as his sources of supply. Defendant's confession was not recorded, and the agents testified that a verbal policy at CGIS prohibited sound or video recordings of such interviews.

Rachael Waid, defendant's estranged wife, testified that defendant was dealing cocaine out of their joint residence from February 2006 through May 2006. Ms. Waid described the locations within the residence where the cocaine was weighed and stored, identified Kelvin Maye as defendant's source for cocaine, and estimated that defendant sold from one to two kilograms of cocaine during that time period. She also testified that defendant would withdraw $400.00 from their joint bank account whenever he was low on money and needed to buy more cocaine. Defendant impeached Ms. Waid's testimony by establishing that she had been a habitual drug abuser during the time frame alleged in the indictment, and had two recent felony convictions relating to attempts to obtain and manufacture controlled substances.

John Dixon, K.D. Dixon, and Joseph Burgess each testified that they were customers of defendant during the time period alleged in the indictment. Mr. Burgess testified that he had purchased between half a gram and one gram of cocaine from defendant on ten to fifteen occasions during the time period alleged in the indictment. K.D. Dixon testified to purchasing cocaine in half-gram increments between once and three times per week during the same time period. John Dixon testified to purchasing between five and seven grams of cocaine on a weekly basis during that time period. These witnesses testified similarly to Ms. Waid in describing the location within defendant's residence where the cocaine was weighed and stored. On cross-examination, each of these witnesses testified that they had known Rachael Waid longer than they had known defendant. K.D. Dixon also testified to a romantic relationship between himself and Ms. Waid.

Two of the government's witnesses provided less than favorable testimony. Anthony Davis, allegedly one of defendant's suppliers of cocaine, testified that he had never provided cocaine to defendant for sale. Mr. Davis also testified that defendant had been present once when Mr. Davis

purchased 3.5 grams of cocaine in February 2006. Michael Cunningham, who the government contended was a customer of defendant, denied purchasing cocaine from defendant. However, Mr. Cunningham testified that he had purchased cocaine from Kelvin Maye at defendant's residence during the relevant time period. Mr. Maye, the second individual who supplied defendant cocaine according to the government's theory of the case, did not testify.

The testimony of Franklin Davis, a bank employee, was used to introduce bank records from defendant's joint bank account at Marine Federal Credit Union. The records indicated a series of cash withdrawals, some in the amount of $400.00. Mr. Davis testified that he did not know whether these withdrawals were made by defendant or Ms. Waid. Aaron Lewis, defendant's brother-in-law, testified to defendant's possession of a handgun during a traffic altercation. This evidence was admitted under Rule 404(b) for the purpose of establishing the defendant's access to a firearm, and is not relevant to the instant motion because defendant was acquitted of the firearm offense.

Defendant elected to call a number of witnesses at the close of the government's evidence. These witnesses were individuals, friends and acquaintances of defendant, testified that they had never observed drugs or drug dealing at defendant's residence. One of defendant's witnesses also testified that he helped defendant move out of the residence in mid-March 2006.

## DISCUSSION

A.   Standard of Review

Defendant contends that the evidence of record is insufficient to sustain his conviction for conspiracy to distribute and to possess with the intent to distribute five hundred (500) grams or more of cocaine. "A defendant challenging the sufficiency of the evidence bears a heavy burden," and the court will overturn a jury's guilty verdict only where "the prosecution's failure is clear." United

States v. Stephens, 482 F.3d 669, 672 (4th Cir. 2007). In considering the sufficiency of the evidence, the court is obliged to view the evidence in the light most favorable to the government. Id. The court will uphold the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Although the CGIS agents testified that defendant confessed to the charge on which he was convicted, "a criminal defendant's conviction cannot rest entirely on an uncorroborated extrajudicial confession." Stephens, 482 F.3d at 672 (citing Wong Sun v. United States, 371 U.S. 471, 488-89 (1963)). Sufficient corroboration may take the form of "extrinsic proof . . . which merely fortifies the truth of the confession, without independently establishing the crime charged." Wong Sun, 371 U.S. at 489 (internal quotation marks omitted). In other words, the "corroborating evidence need not, itself, establish every element of the offense," but instead "need only tend to support the admitted fact." Stephens, 482 F.3d at 672 (internal quotation marks and citations omitted). The corroborating evidence may be circumstantial rather than direct. See United States v. Abu Ali, 528 F.3d 210, 236-38 (4th Cir. 2008).

B. Analysis

To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must establish that "(1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). The government need not prove the amount or type of narcotics defendant allegedly conspired to distribute to sustain the underlying conspiracy conviction. United States v. Reid, 523 F.3d 310, 315 (4th Cir. 2008). However, in order for the statutory minimum and

maximum penalties provided for in 21 U.S.C. § 841(b) to apply at sentencing, the jury must find beyond a reasonable doubt that the specified amount of cocaine reasonably foreseeable to defendant met or exceeded the amount provided for in that statute. United States v. Foster, 507 F.3d 233, 250-51 (4th Cir. 2007). Here, the jury found that defendant was responsible for five hundred (500) grams or more of cocaine.

Defendant disputes the sufficiency of the corroborative evidence put forward by the government at trial on a number of grounds. First, defendant notes that the amount of purchases testified to by Mr. Burgess, K.D. Dixon, and John Dixon total no more than one hundred and fifty-one (151) grams of cocaine. Next, defendant attempts to discount Ms. Waid's testimony that defendant sold between one to two kilograms of cocaine by arguing that no reasonable juror could credit her testimony as sufficiently credible or accurate given her drug abuse, the broad nature of the estimate, and her relationship with K.D. Dixon. Finally, defendant contends that the bank records do not corroborate the existence of the charged conspiracy because any connection between the withdrawals and the drug buys is merely speculative. Defendant contends that he and his wife paid all their bills in cash. Defendant also noted that the government provided no documentary evidence of any purchases of items using the proceeds of the alleged drug transactions.

Defendant's arguments are misplaced. The corroborative evidence need not establish every element of the offense. See Stephens, 482 F.3d at 672. The alleged customers of defendant need not have testified to the entire drug weight for which defendant was held accountable. Defendant's confession and his wife's estimate that he sold between one to two kilograms were sufficient evidence for the jury to hold defendant accountable for more than five (500) grams of cocaine. And though the defendant believes no reasonable juror could have credited Ms. Waid's testimony, the

6

Case 7:09-cr-00110-FL   Document 112   Filed 10/28/10   Page 6 of 8

court generally "do[es] not review the credibility of the witnesses and assume[s] that the jury resolved all contradictions in testimony in favor of the government." Foster, 507 F.3d at 245. The jury apparently found Ms. Waid's testimony credible after being properly instructed that it could consider a witness's drug abuse, the accuracy of a witness's memory, prior felony convictions of a witness, and the internal consistency of a witness's testimony and its support or contradiction by other evidence. After being so instructed, reasonable jurors could have credited Ms. Waid's testimony, and the jury was entitled to do so. The jury also apparently credited Ms. Waid's theory reagarding the $400.00 withdrawals from the bank, which were properly presented as circumstantial corroborative evidence. See Abu Ali, 528 F.3d at 236.

In sum, the evidence in this case is more than sufficient to sustain both the underlying conspiracy conviction and the jury's specific finding that defendant's individual responsibility met or exceeded five hundred (500) grams or more of cocaine. The strongest evidence presented by the government was defendant's confession that he sold approximately five kilograms of cocaine during the period alleged in the indictment, naming his suppliers and customers. This confession was substantially corroborated by defendant's wife, who testified that defendant sold between one and two kilograms of cocaine during the relevant time period. The testimony of the individuals alleged to be defendant's customers further corroborated defendant's confession regarding the underlying conspiracy conviction, whether or not the individual drug amounts to which they testified accounted for an amount equal to or greater than five hundred (500) grams of cocaine. Moreover, the jury may have relied on the consistency in these witnesses' testimony about where the cocaine was stored and located in crediting their testimony. Further circumstantial evidence, including evidence of cash withdrawals in the amount testified to by defendant's wife, bolstered defendant's confession.

## CONCLUSION

For the foregoing reasons, there was sufficient evidence for a jury to convict defendant of conspiring to distribute and to possess with the intent to distribute five hundred (500) grams or more of cocaine. Defendant admitted as much in a statement to Coast Guard agents, which confession was corroborated by evidence at trial which tended to support the facts admitted to. Accordingly, defendant's motion for judgment of acquittal pursuant to Rule 29(c) is DENIED.

SO ORDERED, this the 28" day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge